LAURA E. DUFFY
United States Attorney
VALERIE H. CHU
CAROLINE HAN
FRED SHEPPARD
California Bar Nos. 241709 / 250301 / 250781
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-6750 / 6968 / 8237

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD GRUSD (1),<br>CALIFORNIA IMAGING NETWORK MEDICAL GROUP (5),<br>WILLOWS CONSULTING COMPANY (6),<br><br>Defendants. | No. 15CR2821-BAS<br><br>JOINT MOTION TO (1) VACATE TRIAL DATE; (2) CONTINUE MOTION HEARING; AND (3) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date: October 11, 2016<br>Time: 10:30 a.m. |

At the hearing regarding status of counsel on October 11, 2016, the Court excluded time from October 11, 2016, through December 19, 2016. In further support of that decision, the parties submit as follows:

1. On November 5, 2015, a federal grand jury returned a 9-count indictment charging the defendants with conspiracy, honest services mail fraud, violations of the Travel Act, and criminal forfeiture, in connection with an alleged million-dollar kickback and bribery scheme

through which defendants paid bribes and kickbacks to doctors to make referrals for ancillary medical procedures.

2. Defendants made their initial appearances and were arraigned on the indictment in the Southern District of California on November 17, 2015. Attorney Richard Moss appeared on behalf of these defendants. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from the initial appearance. Section 3161(h) excludes certain periods of time in calculating the 70 days, including delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth . . . either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

U.S.C. § 3161(h)(7)(B). “No continuance under [this provision] shall be granted because of general congestion of the court’s calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.” U.S.C. § 3161(h)(7)(C).

Delay may be excluded if “resulting from other proceedings concerning the defendant . . . .” § 3161(h)((1).

3. The parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial, and because there have been other proceedings concerning the defendant, as follows:

a. The Indictment charges multiple defendants, including four companies, with: conspiracy to commit honest services mail and wire fraud, mail fraud, and violations of the Travel Act; honest services mail fraud; and criminal forfeiture.

b. The discovery produced by the United States to date consists of multiple gigabytes of data, including reports, emails, medical claim files, audio recordings and video recordings.

c. Because the claims involve patient identities, medical treatment, and billing records, the discovery in this case is sensitive. The parties on November 30, 2015 jointly sought a protective order from the Court protecting access to the discovery.

d. Given the volume of discovery and the need to protect and limit its disclosure, prior defense counsel sought time to obtain the material and review it before he could file and litigate pretrial motions and provide an estimate of trial length. Time was excluded until the motion hearing date of September 19, 2016.

e. On September 1, 2016, the United States moved for an expedited hearing. Mr. Moss, on behalf of defendants, opposed the motion.

f. At the motion hearing on September 19, 2016, the United States raised with the Court a potential conflict between Defendant and his counsel. The Court conducted separate ex parte hearings with the United States and with the defense. At the close of that hearing, the Court appointed Debra Ann DiIorio to serve as advisory counsel for Defendant, and set a status hearing regarding counsel.

g. On October 6, 2016, Defendant moved to substitute his attorney.

h. On October 11, 2016, Defendant appeared with new counsel. New counsel requested that the trial date of January 24, 2017 be vacated, so that he can review discovery and prepare for trial.

i. New counsel has not signed the protective order allowing him access to the discovery.

4. The parties have exercised due diligence. The parties submit that the amount of discovery and the nature of the charges make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. The parties further submit that the failure to grant the requested continuance would deny new counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.

5. Defendants are all currently out of custody.

6. Counsel for Defendants represent that they have discussed the need for this continuance with their clients, and that each defendant agrees to and joins in the request for this continuance.

7. The parties therefore jointly move: to vacate the January 24, 2017 trial date; continue the motion hearing to December 19, 2016, and to exclude time between October 11, 2016 and December 19, 2016 under the Speedy Trial Act, pursuant to U.S.C. § 3161(h)(1), (h)(1)(D), and (h)(7)(A).

DATED: October 13, 2016 Respectfully submitted,

SO MOVED.

LAURA E. DUFFY
United States Attorney

s/ Valerie H. Chu
VALERIE H. CHU
Assistant United States Attorney

s/ Caroline Han
CAROLINE HAN
Assistant United States Attorney

s/ Fred Sheppard
FRED SHEPPARD
Assistant United States Attorney

s/ Thomas A. Mesereau, Jr.
THOMAS A. MESEREAU, JR.
Lead Counsel for Defendants 1, 5, and 6

s/ Sharon Appelbaum, Esq.
SHARON BETH APPELBAUM
Co Counsel for Defendants 1, 5, and 6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RONALD GRUSD (1),<br>CALIFORNIA IMAGING NETWORK MEDICAL GROUP (5),<br>WILLOWS CONSULTING COMPANY (6),<br>Defendants. | No. 15cr2821-BAS<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Valerie H Chu, am a citizen of the United States and am at least 18 years of age. My business address is 880 Front Street, San Diego, California 92101-8893.

I am not a party to this case. I have caused service of the attached Joint Motion on the parties to this case by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2016

s/ Valerie H. Chu
VALERIE H. CHU